

| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | LEO T. ERNST<br>Labor and Employment Law Division<br>Phone: (212) 356-2549<br>Fax: (212) 356-2438<br>Email: lernst@law.nyc.gov |
|---|---|---|

March 6, 2020

**By ECF**
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

         Re: Oliver v. City of New York, et al.,
            19 Civ. 11219 (PGG) (JLC)

Dear Judge Gardephe:

    I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel for the City of New York, attorney for all defendants in the above-referenced action. Pursuant to the Court's Individual Rules of Practice, defendants respectfully request that the Court schedule a pre-motion conference to discuss defendants' anticipated motion to dismiss the complaint in its entirety. Plaintiff does not consent to this request. In parallel with this request, defendants respectfully submit that discovery should be stayed pending the resolution of this fully dispositive motion, and that the initial pretrial conference currently scheduled for April 2, 2020 (Dkt. No. 6) be adjourned sine dine until defendants' motion is decided.

    Plaintiff, a teacher employed by the New York City Department of Education ("DOE") at Tompkins Square Middle School ("TSMS"), was arrested by the New York City Police Department ("NYPD") on March 22, 2019 after the NYPD received a complaint that plaintiff had caressed a young female student and stated to her, "I know you love me." No criminal charges were brought against plaintiff and plaintiff was released from police custody within a few hours of his arrest. After plaintiff's release from police custody, he was reassigned by the DOE away from TSMS pending an internal investigation into the allegations. This was done pursuant to DOE policy. When the investigation was completed 2-3 months later, plaintiff was returned to TSMS and DOE issued a disciplinary letter to his file. Plaintiff brings claims against DOE for, inter alia, race discrimination, hostile work environment, retaliation, and intentional infliction of emotional distress based upon a farfetched theory that DOE only investigated and reassigned plaintiff because he is black and because he sued DOE in 2017. Plaintiff further claims, inter alia, that he was falsely arrested and subjected to excessive force by NYPD defendants Taylor, O'Connell, and Gonzalez.

**HONORABLE PAUL G. GARDEPHE**
United States District Judge
Oliver v. City of New York, et al.,
19 Civ. 11219 (PGG) (JLC)
March 6, 2020
Page 2

The complaint is 278 paragraphs long, and contains twenty-eight causes of action against at least eleven parties under various statutes. Despite its exhaustive length, the complaint does not state any causes of action and must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Due to the length of the complaint, and the Court's limit of five pages for pre-motion letters, defendants respectfully reserve the right to assert additional points in full briefing, and further reserve the right to move to dismiss any claims not explicitly addressed herein, including the tort claims under state law.

### A. Plaintiff's Claims Are Barred, In Part, By Settlement And General Release

Plaintiff previously filed a lawsuit against the DOE on December 26, 2017, which was dismissed with prejudice by stipulation on December 27, 2018. As a component of the parties' settlement of that matter, on December 27, 2018, plaintiff executed a waiver and general release wherein he agreed to waive any and all claims against the City, DOE, and any past or present employees of either. See Waiver and General Release, annexed hereto as "Exhibit A." As such, plaintiff may not bring claims that rely on any allegations preceding December 27, 2018, and any claims accruing on or before that date are barred by settlement and release.

### B. Plaintiff's Claims Against The NYPD Defendants Must Be Dismissed

For the reasons outlined infra, plaintiff fails to state claims against the NYPD defendants.

   i.  False Arrest

The existence of probable cause is a complete defense to an action for false arrest. See Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999). "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000) (citation omitted). Plaintiff admits he was arrested on March 22, 2019 after a child reported to police that he "caressed" her and made inappropriate sexual comments to her. See Complaint ¶¶ 71, 74, 89. Based on these facts alone, the defendant officers had probable cause to arrest plaintiff for, at a minimum, endangering the welfare of a child.[1] Since probable cause existed to arrest plaintiff, his false arrest claim fails.

---

[1] The Officers also had probable cause, or at least arguable probable cause, to arrest plaintiff for harassment. "A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person…[h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same…." N.Y. Penal Law § 240.26(1).

**HONORABLE PAUL G. GARDEPHE**
United States District Judge
Oliver v. City of New York, et al.,
19 Civ. 11219 (PGG) (JLC)
March 6, 2020
Page 3

  ii.  Qualified Immunity

In the alternative, the officers are entitled to qualified immunity. Specifically, in the context of a false arrest claim, an officer making an arrest without probable cause is entitled to qualified immunity "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (citations omitted). The police received a complaint that plaintiff caressed a young student while making inappropriate statements of love and affection. Thus, at the very minimum, there was arguable probable cause for plaintiff's arrest.

  iii.  Excessive Force, Assault, And Battery

Plaintiff alleges that defendant officers pushed him into a wall and forced [his] hands behind his back. Complaint ¶ 78. However, it is well-settled that "the right to make an arrest…necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989) (citation omitted). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers' violates the Fourth Amendment." Id. at 443 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)); see also, e.g., Nogbou v. Mayrose, No. 07 Civ. 3763 (RWS), 2009 U.S. Dist. LEXIS 96118, at *15-19 (S.D.N.Y. Oct. 14, 2009) (aff'd, 400 F. App'x 617 (2d Cir. 2010)) (dismissing plaintiff's claim for excessive force where plaintiff alleged officers kicked him, dragged him out of a cardboard box, and violently shoved him into an ambulance, but plaintiff sustained no injury). As such, plaintiff has failed to state claims for excessive force pursuant to § 1983 and for assault and battery under New York state law.[2]

  iv.  Plaintiff's Derivative Claims Fail

Finally, each of plaintiff's three derivative liability claims (supervisory, respondeat superior, and municipal liability) must be dismissed because plaintiff fails to establish an underlying constitutional violation pursuant to § 1983. See Bastuk v. Cty. of Monroe, No. 13-4784-cv, 2015 U.S. App. LEXIS 17634, at *4 (2d Cir. Oct. 6, 2015) (claim for supervisory liability is a derivative claim requiring an underlying constitutional violation) (summary order); see also Mastromonaco v. Cty. of Westchester, 779 F. App'x 49, 51 (2d Cir. 2019)) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)) (in the absence of an underlying constitutional violation, a plaintiff may not recover against a municipality) (summary order). As such, plaintiff's corresponding derivative claims must be dismissed.

---

[2] "In the context of state officers performing their lawful duties, New York State law regarding assault and battery parallels the federal laws regarding excessive force." Kramer v. City of New York, No. 04 Civ. 106 (HB), 2004 U.S. Dist. LEXIS 21914, at *11 (S.D.N.Y. Nov. 1, 2004) (citation omitted).

**HONORABLE PAUL G. GARDEPHE**
United States District Judge
Oliver v. City of New York, et al.,
19 Civ. 11219 (PGG) (JLC)
March 6, 2020
Page 4

**C.     Plaintiff's Claims Against The DOE Defendants Must Be Dismissed**

  i.     Discrimination Claims

Plaintiff brings race discrimination and hostile work environment claims under 42 U.S.C. §§ 1981 and 1983 ("§1981" and "§1983"), and the New York State and City Human Rights Laws ("SHRL and "CHRL") against defendants DOE; TSMS; Richard Carranza, as Chancellor of DOE; Carry Chan, a DOE superintendent; Kristine Mustillo, a DOE Deputy Superintendent; and Sonhando Estwick, Principal of TSMS.

Plaintiff's § 1981 discrimination claims must be dismissed because § 1981 claims cannot be brought against state actors. See Duplan v. City of New York, 888 F.3d 612, 620 (2d Cir. 2018).[3] Plaintiff's § 1983 discrimination claims must be dismissed because plaintiff has not alleged facts showing that the challenged acts were performed pursuant to any municipal policy or custom sufficient to establish Monell liability. See id. at 621. While the complaint contains a boilerplate assertion that DOE committed "constitutional violations…directly and proximately caused by policies, practices and/or customs…" (Complaint ¶ 223), this does not suffice to allege municipal liability. See Trujillo v. City of New York, No. 14 Civ. 8501 (PGG), 2016 U.S. Dist. LEXIS 194168, at *24 (S.D.N.Y. Mar. 29, 2016) (collecting cases) (Gardephe, J.).

In any event, plaintiff's § 1981, § 1983, and SHRL discrimination claims must be dismissed because plaintiff does not allege an adverse employment action, let alone one taken because of plaintiff's race. The only plausible adverse employment action alleged by plaintiff against DOE is that he was temporarily reassigned away from TSMS for 2-3 months while DOE conducted an investigation into the allegations that plaintiff had committed sexual misconduct at school. Plaintiff does not contend that his pay was reduced over this time, nor does he dispute that, after the investigation was completed, he was immediately returned to work at his former position working the same job. Plaintiff's nebulous assertion that he "no longer has a career as an educator" (Complaint at 32) is belied by his continued employment with DOE. Neither the resulting disciplinary letter plaintiff received to his file nor the conclusory allegation that he was denied "supplemental income" constitute adverse employment actions. See, e.g., Sosa v. New York City Dep't of Educ., 368 F. Supp. 3d 489, 512 (E.D.N.Y. 2019); Henry v. New York City Health & Hosps. Corp., 18 F. Supp. 3d 396, 405-06 (S.D.N.Y. 2014).

Even assuming an adverse employment action, plaintiff has not plausibly alleged that defendants took any actions against plaintiff because he is black, which mandates dismissal of all discrimination claims, including those brought under the broader CHRL. While plaintiff attempts to meet this burden via allegations that he was treated worse than three white teachers (labeled "White Teacher Nos. 1-3"), he fails to plausibly allege that these individuals were treated better than him or similarly situated to him for purposes of comparison. First, none of

---

[3] This mandates dismissal of all § 1981 claims, including those for retaliation.

**HONORABLE PAUL G. GARDEPHE**
United States District Judge
Oliver v. City of New York, et al.,
19 Civ. 11219 (PGG) (JLC)
March 6, 2020
Page 5

these three teachers are alleged to have been accused of the sexual touching of underage girls. This alone renders the cases incomparable. Second, plaintiff does not identify the teachers' names, the performance and disciplinary standards to which they were subjected, or what the investigations into their alleged misconduct revealed. These allegations are far too vague and conclusory to allege disparate treatment on the basis of race, even under the CHRL.

Plaintiff's failure to allege facts plausibly supporting an inference of discrimination is also fatal to hostile work environment claims. See, e.g., Acosta v. City of New York, No. 11 Civ. 8561 (KBF), 2012 U.S. Dist. LEXIS 60460, at *21-*23 (S.D.N.Y. Apr. 26, 2012); Askin v. Dep't of Educ. of the City of New York, 110 A.D.3d 621, 622 (1st Dep't 2013).

ii. Retaliation Claims

Plaintiff's retaliation claims are premised on the theory that certain acts taken by DOE employees to investigate plaintiff's alleged sexual misconduct were only taken because plaintiff had formerly sued DOE. However, plaintiff's claims under all statutes must be dismissed because plaintiff does not articulate any basis for inferring a causal connection between any act and plaintiff's former lawsuit. Merely labelling certain acts that came after a protected activity as retaliatory does not make it so. Further, the first act for which plaintiff claims retaliation occurred on March 22, 2019 (Complaint ¶¶ 103, 108), nearly 15 months after his earlier lawsuit was filed. The upper limit establishing retaliation by temporal proximity is three months, nearly one year less than the alleged retaliation in this case. See Beharry v. City of New York, No. 18-cv-2042 (AJN), 2019 U.S. Dist. LEXIS 24411, at *14-15 (S.D.N.Y. Feb. 14, 2019); Yarde v. Good Samaritan Hosp., 360 F. Supp. 2d 552, 562 (S.D.N.Y. 2005). To the extent that plaintiff asserts retaliation under Civil Service Law § 75-B, the availability of binding arbitration as provided for in his collective bargaining agreement precludes the cause of action. See CSL §§ 75-b(3)(a)-(c); e.g., Singh v. City of New York, 418 F. Supp. 2d 390, 406 (S.D.N.Y. 2005) (collecting cases).

iii. Remaining Claims Against DOE

Plaintiff's derivative claims for supervisory liability against defendants Carranza, Chan, Mustillo, and Estwick, and for respondeat superior against DOE, must be dismissed because plaintiff has not alleged discrimination or any underlying violation. See, e.g., Simon v. City of New York, No. 17 Civ. 9575 (DAB), 2019 U.S. Dist. LEXIS 25331, at *20-22 (S.D.N.Y. Feb. 14, 2019); Akinsanya v. New York City Health & Hosps. Corp., No. 16-CV-3332 (VEC)(KNF), 2017 U.S. Dist. LEXIS 120962, at *30-32 (S.D.N.Y. July 28, 2017). Likewise, plaintiff's claim for intentional infliction of emotional distress against defendant Estwick falls woefully short. Allegations that Estwick relayed a child's complaint of being "caressed" by a teacher to the child's parents is hardly unreasonable, extreme or outrageous. See Colon v. City of New York, No. 16-CV-4540 (VSB), 2018 U.S. Dist. LEXIS 49582, at *30-32 (S.D.N.Y. Mar. 26, 2018).

**HONORABLE PAUL G. GARDEPHE**
United States District Judge
Oliver v. City of New York, et al.,
19 Civ. 11219 (PGG) (JLC)
March 6, 2020
Page 6

Thank you for your consideration of this request.

Respectfully submitted,

/s/ Leo T. Ernst

Leo T. Ernst
Assistant Corporation Counsel

cc: By ECF
Morvillo Abramowitz Grand Iason & Anello P.C.
*Attorneys for Plaintiff*