USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
AKEEM OLIVER,

                 Plaintiff,      **MEMORANDUM ORDER**

      -v-      19-CV-11219 (PGG) (JLC)

CITY OF NEW YORK, *et al.*,

                 Defendants.
----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      Plaintiff Akeem Oliver brought this action pursuant to 42 U.S.C. § 1983 against the City of New York and various NYPD officials for false arrest, excessive use of force, municipal liability pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and corresponding and derivative claims pursuant to New York state law. He has also sued the Department of Education of the City of New York and various DOE officials for claims of race discrimination, hostile work environment, and retaliation under federal, state, and city discrimination laws, and has separate *Monell* claims against the DOE. Before the Court is Defendants' letter-motion to stay discovery on Oliver's *Monell* claims

1

against the NYPD Defendants. Dkt. No. 72.[1] Oliver opposes this request. Dkt. No. 79.[2]

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Federal Rule of Civil Procedure 26(c). *Integrated Sys. & Power. Inc. v. Honeywell Int'l*, No. 09-CV-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *accord Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-CV-2437 (RJS), 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009). Rule 26(d) also allows the Court "to control the sequence and timing of discovery," particularly where resolution of a preliminary matter may decide the entire case. *Thrower v. Pozzi*, No. 99-CV-5871 (GBD), 2002 WL 91612, at *7 (S.D.N.Y. Jan. 24, 2002) (citing *Association Fe Y Allegria v. Republic of Ecuador*, No. 98-CV-8650 (BSJ), 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999)). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular

---

[1] To the extent Defendants are seeking a bifurcation of the *Monell* claims for trial (and they appear to do so since they cite to Rule 42 in their letter-motion), the Court agrees with Oliver that it would be premature to do so and denies that request without prejudice. *See, e.g., Alli v. Steward-Bowden*, No. 11-CV-4952 (PKC) (KNF), 2013 WL 5229995, at *2 (S.D.N.Y. Sept. 17, 2013)). An order bifurcating trial for *Monell* purposes normally should not be granted before the summary judgment stage. *See, e.g., Tabor v. New York City,* No. 11-CV-195 (FB) (CLP), 2012 WL 603561, at *11 (E.D.N.Y. Feb. 23, 2012), *adopted by* 2012 WL 869424 (Mar. 14, 2012).

[2] Oliver argues that the request for a stay should be rejected as untimely. It is true that Defendants waited for months to make this request; at the same time, Oliver, who apparently served *Monell* discovery requests last fall, never moved to compel. While it would have been far preferable had Defendants sought a stay when the case management plan was entered, the Court sees no prejudice at this time, given the current posture of the case with a motion to dismiss pending and non-*Monell* discovery still ongoing, other than the inevitable delay that follows when there is a stay.

circumstances and posture of each case." *Roper v. City of New York*, No. 15-CV-8899 (PAE) (GWG), 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017) (quoting *Alford v. City of New York*, No. CV-2011-622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012)). The moving party bears the burden of demonstrating good cause under Rule 26(c). *See Thrower*, 2002 WL 91612, at *7.

In a lawsuit containing a *Monell* claim, if the plaintiff cannot show that his or her constitutional rights were violated by any individual defendants, the *Monell* claim will also fail. *See, e.g.*, *Askins v. Doe*, 727 F.3d 248, 253-54 (2d Cir. 2013) ("[T]he plaintiff's failure to secure a judgment against the individual actors would . . . preclude a judgment against the municipality if the ruling . . . resulted from the plaintiff's failure to show that they committed the alleged tort.") (emphasis omitted).[3] Thus, discovery on a plaintiff's *Monell* claim "could prove entirely irrelevant to a section 1983 case and cause unnecessary burden." *Roper*, 2017 WL 462270, at *1.

However, as the Court in *Alli* explained:

> [I]f discovery is staged, rather than claims bifurcated, the Court may take account of the likely strength of the underlying claims and then determine whether to allow discovery to proceed on the second-stage *Monell* claim. Discovery on the underlying claims may give some indication of whether there is likely heft to the *Monell*

---

[3] Notably, there are some instances in which a *Monell* claim could survive even where there is no individual liability. *See, e.g.*, *Bishop v. City of New York*, No. 13-CV-9203 (AJN), 2016 WL 4484245, at *4 (S.D.N.Y. Aug. 18, 2016) ("[T]he Second Circuit has held that if the individual defendants are dismissed for other reasons [than committing a tort] a plaintiff can still recover on his *Monell* claim if he can 'plead and prove against the municipality that municipal actors committed the tort against the plaintiff and that the tort resulted from a policy or custom of the municipality.'" (quoting *Askins*, 727 F.3d at 253)).

3

> claim. With an understanding of the evidence developed in [the] first stage of discovery (often presented through a summary judgment motion), a Court may then decide to allow *Monell* discovery to proceed with a view toward a single trial, or, at that juncture, grant bifurcation.

2013 WL 5229995, at *1. "Following these principles, courts often stay discovery on *Monell* claims until enough information is available on the individual claims—either at the close of discovery or following summary judgment—to assess the strength of a claim that a constitutional violation actually took place." *Roper*, 2017 WL 462270, at *1 (citing *Thrower*, 2002 WL 91612, at *7) ("Given that discovery on the claims against the individual defendants is much more limited, efficiency will best be served if the discovery on the claims against the supervisory defendants is stayed pending completion of discovery on the claims against the individuals."); *accord Tabor*, 2012 WL 603561, at *10; *but see Guadalupe v. City of New York*, No. 15-CV-220 (CM) (JCF), 2016 WL 675440, at *1 (S.D.N.Y. Feb. 16, 2016) (because City had already gathered discovery relating to *Monell* claims, claim of burden not compelling).

In this case, Defendants contend that to support his *Monell* claim against the NYPD, Oliver will be seeking "documents related to training and policies as they relate to arrest procedures, discrimination, racial profiling, bias-based policing, probable cause for endangering [the] welfare of a child, child complainants, and/or drop guns, Rule 30(b)(6) testimony and potentially even more." Defendants' May 3, 2021 Letter, at 2 (Dkt. No. 72). In his response, Oliver does not contradict this claim, nor does he offer to narrow his *Monell* discovery against the NYPD

Defendants.  Contrary to Oliver's argument that they "appear to be making the conclusory assertion that *Monell* discovery is by its very nature burdensome," Plaintiff's May 14, 2021 Letter, at 3 (Dkt. No. 79), Defendants have specifically identified a litany of categories that would likely lead to legitimate objections of overbreadth and burdensomeness.

Moreover, having reviewed the transcript of the August 6, 2020 conference before Judge Gardephe (Dkt. No. 77) and having considered the motion to dismiss papers as well as the parties' submissions regarding Defendants' request (Dkt. Nos. 63, 64, 65, 72, 79), the Court concludes that it will be more efficient to stay discovery on the *Monell* claims against the NYPD until there is additional evidence regarding whether a constitutional tort was committed.  For avoidance of doubt, the Court makes no finding with respect to whether there is a cognizable constitutional claim against the NYPD defendants at this time.  Rather, whether Oliver's arrest was constitutional or not, the policies that Oliver has identified in his pleadings may well not apply to his arrest, and thus it is appropriate to stay discovery related to the *Monell* claim until it is determined whether that claim is cognizable.  Accordingly, the Court grants Defendants' letter-motion.

Discovery on Plaintiff's remaining claims, including his *Monell* claims against the New York City Department of Education, are to proceed in accordance with the most recent case management plan, which set a revised fact discovery deadline of September 24, 2021.  Dkt. No. 70.  If the *Monell* claims against the

NYPD survive the motion to dismiss, and the record is further developed in discovery to justify it, Oliver may request to lift the stay.

The Clerk of Court is respectfully directed to terminate the motion at Docket No. 72 and mark it as "granted."

On an unrelated topic, the Court directs the parties to report whether they would be interested in participating in a settlement conference, and, if so, when such a conference should be scheduled. The parties should submit a joint letter **by June 9** providing the Court with their views as to the timing of a settlement conference (or alternatively a referral to the Court Mediation Program, if that is their preference). The Court is mindful that the motion to dismiss is pending (and recently referred to the undersigned) and that discovery is proceeding apace, but in cases of this kind the Court has found that settlement conferences at a relatively early stage are useful and often more likely to lead to settlement than if the parties wait until a later stage of the litigation.

**SO ORDERED.**

Date: June 2, 2021
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge