*STEVEN BANKS*
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

***Desiree Alexander***
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-3177
dealexan@law.nyc.gov

September 29, 2026

MEMO ENDORSED

This application is denied without prejudice. There appears to be no basis for sealing Defendants' exhibit list. As to the attachments, a mass sealing of all the attachments is not "narrowly tailored," and does not meet the Lugosch standard. Defendants should review this Court's Individual Rules concerning sealing and discuss with Plaintiff's counsel how any sensitive information contained in Dkt. No. 269 and its attachments should be handled.

SO ORDERED:
Paul G. Gardephe
Paul G. Gardephe, U.S.D.J.
Dated: Sept. 29, 2026

**By ECF**
District Judge Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, NY 10007

Re: Akeem Oliver v. City of New York et. al.
1:19-CV-11219 (PGG)(HJR)

Dear Judge Gardephe:

I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, attorney for the Defendants in the above captioned matter. Pursuant to Section 6 of the SDNY Electronic Case Filing (ECF) Rules, Defendants write to respectfully request an emergency order permanently sealing Docket number 269 and its attachments, which were inadvertently filed with unredacted personal identifiers and other sensitive information.

On September 28, 2026, while filing Defendants' pre-trial submissions, undersigned counsel inadvertently filed exhibits containing information that should have been redacted. Immediately upon discovering the error, undersigned counsel notified Plaintiff counsel and contacted the SDNY ECF Helpdesk to request that the filing be temporarily sealed.

Good cause exists to permanently seal Docket No. 269 and its attachments because they contain sensitive private information, the disclosure of which outweighs the presumption of public access and poses a significant risk of harm to the affected individuals. The requested sealing is narrowly tailored to protect that information, while the public interest in access will be fully served by the filing of a properly redacted version of the document.

Accordingly, Defendant respectfully requests that the Court:

1. Order that Docket No. 269 and its attachments be permanently sealed and restricted from public access; and
2. Grant Defendants leave to file the properly redacted version of the submission and its attachments on the public docket.

Thank you for Your Honor's time and consideration.

Respectfully Submitted,

/s Desiree Alexander, Esq.
Desiree Alexander, Esq.
Assistant Corporation Counsel

cc: All parties via ECF