UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKEEM OLIVER,

Plaintiff,

- against -

CITY OF NEW YORK, JOSEPH GONZALEZ, in his personal and official capacity as a Sergeant of the New York City Police Department, KENNETH J. TAYLOR in his personal and official capacity as an Officer of the New York City Police Department, KEVIN MCLEOD, in his personal and official capacity as an Officer of the New York City Police Department, TONG JIANG, in his personal and official capacity as an Officer of the New York City Police Department, BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, CARRY CHAN, in her personal and official capacity as Superintendent of School District 1, KRISTINE MUSTILLO, in her personal and official capacity Superintendent of as Deputy School Community District 1 and SONHANDO ESTWICK, in his personal and official capacity as principal of Tompkins Square Middle School,

Defendants.

**ORDER**

19 Civ. 11219 (PGG) (HJR)

PAUL G. GARDEPHE, U.S.D.J.:

As a result of motion practice and settlement, Plaintiff Akeem Oliver's remaining claims are against the New York City Department of Education (the "DOE") and Sonhando Estwick, who is principal of the DOE's Tompkins Square Middle School ("Tompkins"). As against the DOE, Oliver's remaining claims are for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). As against Estwick, Oliver's remaining claims are for retaliation in violation of 42 U.S.C. Section 1983 ("§ 1983"), the NYSHRL, and the NYCHRL.

Plaintiff's claims arise out of actions taken by the DOE and Estwick in the wake of Oliver's March 22, 2019 arrest by officers of the New York City Police Department for alleged improper touching of a 13-year-old female student at Tompkins, where Oliver was employed as a teacher.

Trial is scheduled to begin on November 9, 2026 at 9:30 a.m.

In addition to the DOE and Estwick, the Fourth Amended Complaint names DOE Superintendent Carry Chan and DOE Assistant Superintendent Kristine Mustillo as defendants in Plaintiff's retaliation claims brought under Title VII, the NYSHRL, and the NYCHRL. (Fourth Am. Cmplt. (Dkt. No. 195) ¶ 220-23, 230-34, 276-79) In an August 6, 2026 decision, the Court granted Defendants summary judgment on, inter alia, Oliver's retaliation claims against Chan and Mustillo, finding that there was no evidence that they were aware of the alleged protected activity that Oliver had engaged in, and thus could not have engaged in unlawful retaliation under Title VII, the NYSHRL, and the NYCHRL. (Sum. J. Op. (Dkt. No. 256) at 86-91) Oliver's retaliation claims against the DOE remain for trial (see id. at 102), but given the Court's rulings concerning Mustillo and Chan, those claims are now premised solely on the alleged retaliatory animus of Defendant Estwick.

Although the retaliation claims against Chan and Mustillo have been dismissed, Plaintiff seeks to argue that DOE is liable for conduct that Mustillo engaged in. In particular, Plaintiff intends to argue that a disciplinary letter that Mustillo issued to Oliver constitutes unlawful retaliation, and that DOE is liable for that unlawful retaliation. (See Pltf. Trial Br. (Dkt. No. 275) at 12 ("Mr. Oliver contends that the DOE and Estwick retaliated against him for his 2017 lawsuit and its December 27, 2018 settlement through the five actions the Court held a jury could find adverse: Estwick's suggestion that the officers arrest him at the front entrance of

the school; the administrative reassignment; Estwick's email to [Tompkins] parents; the DOE's multiple investigations; and the June 17, 2019 letter to file. He contends that the timing of these actions, the June 2019 communications between Estwick and Mustillo, and Estwick's history with Mr. Oliver show that Defendants' stated reasons are a pretext and that retaliation was a but-for cause of the adverse actions and, under the NYCHRL, played at least some part in them." (internal citation omitted)).

Although this Court has ruled that Mustillo did not engage in unlawful retaliation, DOE can nonetheless be liable for her actions – including her issuance of the June 17, 2019 disciplinary letter – if her actions were motivated by a DOE employee who did have retaliatory animus. The Second Circuit acknowledged in Vasquez v. Empress Ambulance Service, Inc. that an employer may be held liable for retaliation when "an employee is fired or subjected to some other adverse employment action by a supervisor who himself has no discriminatory motive, but who has been manipulated by a subordinate who does have such a motive and intended to bring about the adverse employment action." Vasquez, 835 F.3d 267, 272 (2d Cir. 2016) (internal quotation marks omitted) (quoting Cook v. IPC Intern. Corp., 673 F.3d 625, 628 (7th Cir. 2012)); see also id. at 269 ("[A]n employee's retaliatory intent may be imputed to an employer where . . . the employer's own negligence gives effect to the employee's retaliatory animus and causes the victim to suffer an adverse employment decision."); Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 148 (2d Cir. 2010) ("[A] causal connection between the protected activity and the adverse employment action . . . is sufficiently demonstrated if the agent who decides to impose the adverse action but is ignorant of the plaintiff's protected activity acts pursuant to encouragement by a superior (who has knowledge) to disfavor the plaintiff." (emphasis omitted)). Here, Plaintiff's argument would be that – although Mustillo did not have retaliatory animus –

Principal Estwick did have retaliatory animus, and he "manipulated" or otherwise caused Mustillo to issue the disciplinary letter to Oliver. (See Pltf. Trial Br. (Dkt. No. 275) at 26-27 (citing Henry, 616 F.3d 147-48, and Vasquez, 835 F.3d 274-76))

The parties have not briefed the issue of whether a reasonable jury could find that Mustillo's issuance of the disciplinary letter was motivated by Estwick, however. Indeed, there is very little in the briefing that bears on this issue. Plaintiff says that a jury could "find that Estwick's animus affected the DOE's decisions through Mustillo" because "Estwick sent Mustillo the [Akeem Incidents] Timeline while her inquiry was open, her June 17 [disciplinary] letter relied on 'ongoing physical interactions' beyond G.C.'s report, and she met with Estwick two days later about the allegations." (Id. at 26-27) It is not clear that this evidence would be sufficient for a reasonable jury to find that Estwick caused Mustillo to issue the disciplinary letter to Oliver, however.

It also appears that Plaintiff may seek to argue that he suffered other adverse employment actions at the hands of Mustillo and other DOE employees – actions that were motivated by Estwick's alleged retaliatory animus. (See Pltf. Opp. (Dkt. No 285) at 29 ("[T]he DOE remains a defendant on the retaliation claims, and three of the five actions on which those claims rest (the reassignment, the investigations, and the disciplinary letter) were carried out by DOE officials other than Estwick. The actions Chan and Mustillo took therefore remain part of the case against the DOE." (citing Sum. J. Op. (Dkt. No. 256) at 9-13, 79)); Pltf. Trial Br. (Dkt. No. 275) at 26-27 (arguing that "the DOE can be liable for the reassignment, the investigations, or the letter to file" even if "the individuals who acted" did not "kn[o]w of [Oliver's] protected activity," as a jury could "find that Estwick's animus effected the DOE's decisions through Mustillo")) The parties' briefing concerning this issue is likewise not adequate.

Accordingly, **by 2:00 p.m. on October 31, 2026**, Plaintiff will make a submission addressing the evidence he intends to offer demonstrating that the disciplinary letter issued by Mustillo was the product of Estwick's retaliatory animus. To the extent that Plaintiff intends to argue that he suffered other adverse employment actions at the hands of DOE employees other than Estwick, Plaintiff will explain who these employees are and what the evidence is demonstrating that Estwick caused these DOE employees to engage in that conduct.

Defendants will file their response **by 12:00 noon on November 2, 2026**.

Dated: New York, New York
October 29, 2026

SO ORDERED.

Paul G. Gardephe
United States District Judge